1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARYL ANTHONY HICKS,                        No.  2:20-cv-2080 KJN P

12                    Plaintiff,

13           v.                                   ORDER

14    PATRICK COVELLO, et al.,

15                    Defendants.

16

17           Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20           Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21    Accordingly, the request to proceed in forma pauperis is granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28    payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2   § 1915(b)(2).

3          As discussed below, the undersigned finds that plaintiff's complaint must be dismissed,

4   but plaintiff is granted leave to file an amended complaint.

5   Screening Standards

6          The court is required to screen complaints brought by prisoners seeking relief against a

7   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin v. Murphy,

20  745 F.2d at 1227.

21         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

28  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

2

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

3  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

4  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

5  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

6  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

7  Plaintiff's Complaint

8  In his first claim, plaintiff alleges that he was issued false, excessive rules violations

9  ("115s") which raise his security level and adds time to his sentence.  Warden Covello is the

10  warden over the correctional officers who continuously write false 115s or adjudicated the actions

11  perpetrated by staff.  Defendant Blackmon wrote many false 115s and searched plaintiff's cell

12  excessively.  Correctional Officer Lomas, along with other officers, "create situations and lie to

13  other officers . . . to create conflicts between . . . plaintiff and his cellie. . . ."  (ECF No 7 at 3.)

14  Defendant Mey called plaintiff the "N" word, and Lomas asked plaintiff's cellmate a racial,

15  sexual question.  (Id.)  Such actions caused plaintiff mental anguish, loss of sleep, PTSD, anxiety,

16  seizures, headaches, and sentence enhancements and his mental health treatment level was

17  increased to EOP.[1]

18  In his second claim, plaintiff marked "threat to safety," claiming defendant Tsui wrote

19  plaintiff another 115, apparently for refusing to take a cellmate who threatened plaintiff, despite

20  another inmate who was willing to allow plaintiff to move into his cell.  (ECF No. 7 at 4.)

21  Because of his PTSD and severe depression, plaintiff has experienced a few seizures and

22  throbbing headaches.

23  In his third claim, plaintiff alleges that once he transferred to the EOP level of care,

24  nonparty Lt Placentia found plaintiff guilty of another 115, allegedly because nonparty

25  _____

26  [1]  The Mental Health Services Delivery System Program Guide for the California Department of
   Corrections and Rehabilitation provides four levels of mental health care services:  Correctional

27  Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health
   Crisis Bed ("MHCB") and inpatient hospital care.  Coleman v. Brown, 2013 WL 6491529, at *1

28  (E.D. Cal. Dec. 10, 2013).

1   Correctional Officer Gesai searched plaintiff's cell and falsely informed the lieutenant that Gesai

2   had found a razor blade in plaintiff's cell.  In this claim, plaintiff marked the box "retaliation" as

3   his issue, and claims that raising his security level caused intentional emotional harm using

4   defamation and misrepresentation."  (ECF No. 7 at 5.)  As injuries, plaintiff alleges he suffered

5   stress, anxiety, and depression.

6         Warden Covello and Correctional Officer Lomas are named in the case caption, but not in

7   the defendants' section of the pleading.  In the body of plaintiff's complaint, he names Sgt.

8   Snyder and Correctional Officers Blackmon, Mey and Tsui as defendants.  As relief, plaintiff

9   seeks "a nonviolent parole release," and money damages.  (ECF No. 7 at 6.)

10  Discussion

11        Pleading Deficiencies

12        First, plaintiff's complaint includes individuals in the caption of his complaint, ostensibly

13  named as defendants, yet such individuals are not specifically identified in the defendants' section

14  of the pleading.  Plaintiff is advised that in his pleading, he must identify every individual named

15  as a defendant in the caption of his complaint, and then identify each defendant and his or her

16  employment in the defendants' section of the complaint.  Fed. R. Civ. P. 10(a).  The latter

17  information also assists the court in directing service of process by the U.S. Marshal.

18        Second, plaintiff must include charging allegations as to each named defendant.  Here,

19  plaintiff includes no charging allegations as to Sgt. Snyder, who is also not listed in the caption of

20  the complaint.

21        Third, plaintiff seeks improper relief in the form of release on parole.  Prisoners cannot

22  obtain release from prison by filing a § 1983 action.  Rather, as a general rule, prisoners who

23  challenge the fact or duration of confinement and seek release should file a habeas corpus petition

24  under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Ramirez v. Galaza,

25  334 F.3d 850, 858-59 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

26        The Civil Rights Act

27        To state a claim under § 1983, a plaintiff must allege:  (1) the violation of a federal

28  constitutional or statutory right; and (2) that the violation was committed by a person acting under

4

the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights, and set forth specific factual allegations as to how such person violated plaintiff's rights.

Here, plaintiff alleges no facts demonstrating Covello's personal involvement in any of the alleged violations.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Verbal Harassment

Allegations of harassment and embarrassment are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim

5

1 under § 1983). Thus, while the alleged racial and sexual verbal comments by defendants Mey

2 and Lomas were inappropriate and offensive, such comments, standing alone, fail to state a

3 cognizable civil rights claim.

4     Defamation

5     A federal civil rights action under 42 U.S.C. § 1983 "is not itself a source of substantive

6 rights," but rather provides "a method for vindicating federal rights elsewhere conferred." Baker

7 v. McCollan, 443 U.S. 137, 144, n.3 (1979). In other words, plaintiffs must specifically allege the

8 constitutional right that was violated. Graham v. Connor, 490 U.S. 386, 394 (1989); Baker, 443

9 U.S. at 140. Therefore, to the extent plaintiff attempts to raise a defamation claim, such claim

10 alone does not rise to the level of a federal constitutional violation. See Williams v. Gorton, 529

11 F.2d 668, 670 (9th Cir. 1976) (stating defamation itself does not establish cause of action under

12 Section 1983; it is deprivation of constitutional rights for which Civil Rights Act creates remedy).

13 "To establish a civil rights claim under 42 U.S.C. § 1983, a plaintiff must assert more than a

14 violation of state tort law -- he must show that the defendant deprived him of an interest protected

15 by the Constitution or federal law." Weiner v. San Diego Cty., 210 F.3d 1025, 1032 (9th Cir.

16 2000) (citing Paul v. Davis, 424 U.S. 693, 712 (1976)); Hernandez v. Johnson, 833 F.2d 1316,

17 1319 (9th Cir. 1987) (libel and slander claims precluded by Paul); Sadler v. Dutton, 2017 WL

18 3217119, at *6 (D. Mont. June 1, 2017), adopted, 2017 WL 3219479 (D. Mont. July 28, 2017).

19 Specifically, plaintiff must join his defamation claim to a recognizable Section 1983 wrong. See

20 Buckey v. Cty. of Los Angeles, 968 F.2d 791, 795 (9th Cir. 1992). For these reasons plaintiff's

21 defamation claim fails.

22     Prison Disciplinary Proceedings

23     In order for a prisoner to satisfactorily plead a Section 1983 claim, the events complained

24 of must rise to the level of a federal statutory or constitutional violation. Patel v. Kent School

25 Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d at 934. Plaintiff's

26 accusations that defendants filed "false" rules violation reports against him run afoul of numerous

27 district court opinions holding that the mere issuance of an allegedly false disciplinary charge

28 fails to state a cognizable claim for relief under Section 1983. See, e.g., Lee v. Whitten, No. 2012

6

1  WL 4468420 (E.D. Cal. Sep. 25, 2012) ("A prisoner does not have a constitutional right to be free

2  from falsified disciplinary reports."); Harper v. Costa, 2009 WL 1684599 (E.D. Cal. Jun. 16,

3  2009) (citing eleven prior orders issued by California district courts reaching the same

4  conclusion).

5        Although the filing of a false disciplinary action against an inmate is not a per se civil

6  rights violation, there are two ways that allegations that an inmate has been subjected to a false

7  claim may potentially state a cognizable civil rights claim.  The first is when the inmate alleges

8  that the false report was made in retaliation for the exercise of a constitutionally-protected right

9  under the First Amendment.  See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997) (retaliation claim

10  must rest on proof that defendant filed disciplinary action in retaliation for inmate's exercise of

11  his constitutional rights and that the retaliatory action advanced no legitimate penological

12  interest).  For example, "[p]risoners have a First Amendment right to file grievances against

13  prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108,

14  1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).[2]

15        The second is when the inmate is not afforded the procedural due process required by the

16  Due Process Clause of the Fourteenth Amendment in connection with the issuance and hearing of

17  disciplinary reports.  See Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (claim that

18  prison guard planted false evidence which resulted in disciplinary infraction fails to state a

19  cognizable civil rights claim where procedural due process protections are provided).

20        However, "[t]he requirements of procedural due process apply only to the deprivation of

21  interests encompassed by the Fourteenth Amendment's protection of liberty and property."  Bd.

22  of Regents v. Roth, 408 U.S. 564, 569 (1972).  While state statutes and prison regulations may

23  grant prisoners liberty interests sufficient to invoke due process protection, Meachum v. Fano,

24  427 U.S. 215, 223-27 (1976), the Supreme Court has significantly limited the instances in which

25

26  [2]  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state
actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

27  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and
(5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson,

28  408 F.3d 559, 567-68 (9th Cir. 2005).

1  due process can be invoked.  Pursuant to Sandin v. Conner, 515 U.S. 472, 483 (1995) (holding

2  that inmate who had been placed in disciplinary segregation for 30 days had no cognizable

3  procedural due process claim), a prisoner can show a liberty interest at stake under the Due

4  Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that

5  imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison

6  life."  Id. at 484 (citations omitted); Neal v. Shimoda, 131 F.3d 818, 827-28 (9th Cir. 1997).  "But

7  these interests will generally be limited to freedom from restraint which, while not exceeding the

8  sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of

9  its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to

10  the ordinary incidents of prison life."  Id. at 472; see also Keenan v. Hall, 83 F.3d 1083, 1088-89

11  (9th Cir. 1996) (prison classification created no "atypical and significant hardship" because it

12  would not invariably affect the duration of the inmate's sentence) (interpreting Sandin).  Only in

13  those cases where a sufficiently substantial liberty interest is at stake must the court evaluate

14  whether the process received comported with minimum procedural due process requirements.

15  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (internal quotations omitted).  If the court

16  answers the first question in the negative, the plaintiff has failed to state a section 1983 claim for

17  a Fourteenth Amendment violation.

18       The analysis of whether state law confers a constitutionally-protected liberty interest

19  focuses on the nature of the deprivation rather than on the language of any particular regulation,

20  so as to avoid over-involvement of federal courts in day-to-day prison management.  See Sandin,

21  515 U.S. at 479-82, 483; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (prisoner's

22  due process claim fails because he has no liberty interest in freedom from state action taken

23  within sentence imposed, and administrative segregation falls within the terms of confinement

24  ordinarily contemplated by a sentence).

25       Here, plaintiff alleges no facts demonstrating a due process violation during a specific

26  rules violation hearing.  If plaintiff wishes to challenge a specific rules violation hearing on due

27  process grounds, he must challenge such decision in a separate action unless all of the named

28  defendants were involved in the adjudication of the challenged hearing.  Fed. R. Civ. P. 20(a).

1    Plaintiff cannot simply allege, without supporting facts, that a number of different rules violation

2    reports were false and violated his constitutional rights.  Moreover, although plaintiff marked

3    "retaliation" as one of his issues, plaintiff fails to plead facts meeting all of the elements required

4    to state a cognizable retaliation claim.  Rhodes, 408 F.3d at 567-68.  Specifically, plaintiff fails to

5    identify his own protected conduct that allegedly triggered the retaliatory acts.  Therefore,

6    plaintiff fails to state a cognizable retaliation claim.

7                    Unrelated Claims Against Different Individuals

8            Finally, the court has reviewed the complaint pursuant to § 1915A and finds it must be

9    dismissed with leave to amend because the claims asserted in the complaint are not properly

10   joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.

11   Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to

12   relief is asserted against them jointly, severally, or in the alternative with respect to or arising out

13   of the same transaction, occurrence, or series of transactions or occurrences" and "any question of

14   law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also

15   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated

16   defendants belong in different suits").  If unrelated claims are improperly joined, the court may

17   dismiss them without prejudice.  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay

18   Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building

19   Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of

20   certain defendants where claims against those defendants did not arise out of the same transaction

21   or occurrences, as required by Rule 20(a)).

22           Where parties have been misjoined, the court may drop a party or sever the claims against

23   that party.  Fed. R. Civ. P. 21.  "[D]istrict courts who dismiss rather than sever must conduct a

24   prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes

25   of limitations.'"  Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV,

26   Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)).  Here, plaintiff alludes to multiple prison

27   disciplinaries in his first claim, and in his third claim, challenges an incident that occurred after

28   his transfer to the EOP level of care, and names completely different individuals involved therein.

9

1  Because plaintiff failed to provide any dates for the alleged incidents, the court is unable to

2  determine whether plaintiff would be prejudiced by severing any unrelated claim, or even

3  whether any putative challenge to a prison disciplinary is being timely asserted.  In any event,

4  because the complaint fails to state a cognizable claim and must be dismissed *in toto*, the

5  undersigned need not address the issue of severance of such unrelated claims.

6  Leave to Amend

7       For all of the above reasons, the court finds the allegations in plaintiff's complaint so

8  vague and conclusory that it is unable to determine whether the current action is frivolous or fails

9  to state a claim for relief, and the complaint must be dismissed.  The court, however, grants leave

10  to file an amended complaint.

11       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

12  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

13  West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named

14  defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability

15  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

16  actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167

17  (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil

18  rights violations are not sufficient.  Ivey, 673 F.2d at 268.

19       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

20  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

21  complaint be complete in itself without reference to any prior pleading.  This requirement exists

22  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

23  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

24  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

25  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

26  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

27  and the involvement of each defendant must be sufficiently alleged.

28  ////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: November 9, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hick2080.14

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARYL ANTHONY HICKS,                    No.  2:20-cv-2080 KJN P

                     Plaintiff,
12

13       v.                                  NOTICE OF AMENDMENT

14   PATRICK COVELLO, et al.,

15                   Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19                    _____        Amended Complaint
     DATED:
20

21                                            _____

22                                            Plaintiff

23

24

25

26

27

28