UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, et al.,<br><br>Defendants. | No. 2:20-cv-2080 KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with a civil rights complaint under 42 U.S.C. § 1983. By separate order, the court ordered service of process on plaintiff's second amended complaint as to plaintiff's Eighth Amendment claim against defendant Miller. As discussed below, the undersigned finds that plaintiff's claims against the remaining defendants, as well as plaintiff's property claims against defendant Miller, should be dismissed.

<u>Screening Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin v. Murphy, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Second Amended Complaint

In his first claim, plaintiff states that he is "continuously put in situations that [cause him] bodily harm," noting "threat to safety." (ECF No. 17 at 3.) In claim one, plaintiff again alleges that defendants Tsui and Lomas issued false, excessive rules violation reports ("115s") against

plaintiff which raised his security level and added time to his sentence. While plaintiff was at the hospital getting stitches and then quarantined due to Covid, plaintiff's legal and personal property were stolen or thrown away by defendants Miller and Lomas.

In his second claim, plaintiff claims that his personal property was continuously confiscated, marking the box "retaliation." (ECF No. 17 at 4.) Because plaintiff went over Tsui's head and obtained a transfer, defendant Tsui told plaintiff he is mad and does not like plaintiff; Tsui then took plaintiff's watch, lawbooks and other property. Eventually defendant Tsui sent plaintiff to ad seg and more property was stolen. Defendant Pendleton told plaintiff that she searched plaintiff's cell because plaintiff argued with her partner, Leninger, and defendant Pendleton also confiscated some of plaintiff's property.

Plaintiff is diagnosed with Post Traumatic Stress Disorder. Because defendants have allegedly issued him multiple 115s for plaintiff's refusal to accept unsafe cellmates, plaintiff suffered an increase in his security level, which prolonged his release from prison. Plaintiff seeks to have his security level adjusted, money damages, and defendants "admonished and trained and documented." (ECF No. 17 at 5.)

Discussion

Eighth Amendment – Failure to Protect

The Eighth Amendment prohibits "the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 296-97 (1991) (citation omitted). Under the Eighth Amendment, prison officials have a duty, among others, "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations omitted); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (same) (citing Farmer, 511 U.S. at 833). A prison official violates this duty when (1) a prison inmate is incarcerated under conditions that objectively pose a substantial risk of serious harm from another inmate; and (2) the official responds with deliberate indifference -- i.e. subjectively knows of the risk an inmate is facing and deliberately "disregards that risk by failing to take reasonable measures to abate it." See Farmer, 511 U.S. at 837, 847.

////

To act with deliberate indifference, an official must be subjectively "aware of facts from which the inference could be drawn that [the inmate faces] a substantial risk of serious harm," and actually draw such an inference. See id. at 837. One way this can be established is "if the inmate shows that the risk posed by the deprivation is obvious." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2011) (citing Farmer, 511 U.S. at 842 ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.")). However, the fact that an official "should have been aware" of a particular risk to an inmate, but was not, does not establish an Eighth Amendment violation "no matter how severe the risk." Peralta v. Dillard, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc) (citation and internal quotation marks omitted), cert. denied, 574 U.S. 1073 (2015). Mere negligence or civil recklessness does not violate the Eighth Amendment. See Farmer, 511 U.S. at 835-47. In addition, "the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that [substantial risk of harm]." Thomas, 611 F.3d at 1150; see also Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.").

Despite multiple amendments, and previously being provided the standards needed to demonstrate an Eighth Amendment claim, plaintiff fails to state cognizable claims against defendants Tsui or Lomas. Plaintiff provided no facts demonstrating their deliberate indifference to plaintiff's safety needs in violation of the Eighth Amendment.

Property Claims Are Not Cognizable

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall,
////

773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff alleged no facts suggesting that the deprivation was authorized. The California Legislature provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. Thus, the court concludes that plaintiff's allegations that his property was stolen, thrown away or confiscated, must be dismissed as frivolous. See 28 U.S.C. § 1915(e)(2).

Prison Disciplinary Proceedings

As plaintiff was previously advised (ECF No. 10), in order for a prisoner to satisfactorily plead a Section 1983 claim, the events complained of must rise to the level of a federal statutory or constitutional violation. Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d at 934. Plaintiff's accusations that defendants filed "false" rules violation reports against him run afoul of numerous district court opinions holding that the mere issuance of an allegedly false disciplinary charge fails to state a cognizable claim for relief under Section 1983. See, e.g., Lee v. Whitten, 2012 WL 4468420 (E.D. Cal. Sep. 25, 2012) ("A prisoner does not have a constitutional right to be free from falsified disciplinary reports."); Harper v. Costa, 2009 WL 1684599 (E.D. Cal. Jun. 16, 2009) (citing eleven prior orders issued by California district courts reaching the same conclusion).

Although the filing of a false disciplinary action against an inmate is not a per se civil rights violation, there are two ways that allegations that an inmate has been subjected to a false claim may potentially state a cognizable civil rights claim. The first is when the inmate alleges that the false report was made in retaliation for the exercise of a constitutionally-protected right under the First Amendment. See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997) (retaliation claim must rest on proof that defendant filed disciplinary action in retaliation for inmate's exercise of his constitutional rights and that the retaliatory action advanced no legitimate penological interest). For example, "[p]risoners have a First Amendment right to file grievances against

prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).

The second is when the inmate is not afforded the procedural due process required by the Due Process Clause of the Fourteenth Amendment in connection with the issuance and hearing of disciplinary reports. See Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (claim that prison guard planted false evidence which resulted in disciplinary infraction fails to state a cognizable civil rights claim where procedural due process protections are provided).[1]

Retaliation

Although plaintiff marked the box "retaliation," he fails to set forth facts addressing each element of a retaliation claim. A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Importantly, plaintiff fails to identify any protected conduct of his that allegedly motivated the acts of a particular defendant. Rather, plaintiff alleges that defendant Lomas took plaintiff's property because plaintiff went over Lomas' head and acquired a transfer. Plaintiff alleges that defendant Pendleton searched plaintiff's cell and confiscated some of his property because plaintiff argued with Pendleton's partner, Correctional Officer Leninger. However, plaintiff's alleged actions in obtaining a transfer or arguing with Leninger do not constitute protected conduct by plaintiff. Plaintiff was previously informed that he must plead facts meeting all of the elements required to state a cognizable retaliation claim. Rhodes, 408 F.3d at 567-68. Indeed, plaintiff was advised that he had failed to identify his own protected conduct that allegedly triggered the retaliatory acts. (ECF No. 10 at 9.) Therefore, it appears that plaintiff is unable to allege facts demonstrating the defendants retaliated against plaintiff based on his protected conduct. However, in an abundance

////

---

[1] Additional standards were provided to plaintiff in the court's prior screening order. (ECF No. 10 at 6-8.)

6

of caution, plaintiff's retaliation claims should be dismissed without prejudice so that he may pursue them in a separate action.

Similarly, plaintiff alleges no facts demonstrating a due process violation during a specific rules violation hearing. Rather, plaintiff again alleges, in conclusory fashion, various false rules violations were issued against him, and that following defendant Lomas writing a false 115 for plaintiff delaying pill call, plaintiff's due process rights were violated and he was again found guilty and punished. (ECF No. 17 at 4.) Plaintiff cannot simply allege, without supporting facts, that a number of different rules violation reports were false and violated his constitutional rights. Rather, as he was previously advised, if plaintiff believes his due process rights were violated at a particular hearing on a rules violation, plaintiff must challenge such decision in a separate action unless all of the named defendants were involved in the adjudication of the challenged hearing. (ECF No. 10 at 9.) Thus, plaintiff's claims alleging both retaliation and due process violations should be dismissed without prejudice.

Unrelated Claims Against Different Individuals

As noted above, this action is proceeding on plaintiff's Eighth Amendment claim that defendant Miller was deliberately indifferent to plaintiff's safety. Thus, the remaining claims asserted in the second amended complaint against the remaining defendants are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21.

Leave to Amend

Here, plaintiff refers to multiple prison disciplinaries in his first and second claims, and references incidents which appear to have taken place in November of 2020 or later, and names

different individuals involved therein. It would be futile to grant plaintiff leave to amend as to his property claims, which are legally frivolous. Because plaintiff's remaining claims against the remaining defendants fail to state cognizable claims, and would not be properly joined with plaintiff's Eighth Amendment claims against defendant Miller, the undersigned also finds it appropriate to dismiss those claims without prejudice rather than providing plaintiff another opportunity to amend.

For all of the above reasons, plaintiff's property claims against defendants Miller, Lomas, Pendleton, and Tsui, should be dismissed as frivolous, and plaintiff's remaining claims against defendants Lomas, Pendleton and Tsui should be dismissed without prejudice. This action should proceed solely as to plaintiff's Eighth Amendment claim against defendant Miller.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's property claims against defendants Miller, Lomas, Pendleton, and Tsui should be dismissed as frivolous.

2. Plaintiff's remaining claims against defendants Lomas, Pendleton and Tsui should be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 1, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hick2080.56